1  BENJAMIN B. WAGNER
   United States Attorney
2  DAWRENCE W. RICE, Jr.
   Assistant U.S. Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, California  93721
4  Telephone: (559) 497-4000

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  In Re Jukar-Spain .45 caliber    )  CASE NO. 1:06-cr-00292 LJO
    Pistol, Serial Number 109435,    )
12  and Enfield Rifle, Serial Number )  APPLICATION AND ORDER TO
    PF330911.                        )  DESTROY FIREARMS
13                                   )
                                     )
14                                   )
                                     )
15                                   )
                                     )
16  _____)

17

18      The government hereby applies for an order pursuant to the All

19  Writs Act, 28 U.S.C. § 1651, to destroy two firearms, a Jukar-Spain

20  .45 caliber Pistol, Serial Number 109435, and an Enfield Rifle,

21  Serial Number PF330911, that were seized as evidence by the Federal

22  Bureau of Investigation during the investigation and prosecution of

23  Amen Ahmed Ali in case number 1:06-cr-00292 LJO, and which cannot

24  legally be returned to Amen Ahmed Ali, because he is now a convicted

25  felon.

26                              FACTS

27      On May 22, 2003, the Federal Bureau of Investigation, Sacramento

28  Division, learned of a suspicious cargo container in the Port of Los

                                  1

1   Angeles.  The container was outbound for the Republic of Yemen and
2   was randomly examined by Customs Border Protection (CBP) personnel at
3   the Port.

4        During the search of the shipping container, CBP personnel
5   located military chemical protective clothing and military ballistic
6   and fragmentation protective vests. During the investigation, CBP
7   determined that these items were not listed on the shipping
8   declaration and no export license for such items had been issued by
9   the Department of State.

10       Based on the nature of the cargo found during inspection, CBP
11  notified Bureau of Immigration and Customs Enforcement (BICE) and
12  BICE began an investigation of the shipment and shippers.  The
13  Sacramento division of the Federal Bureau of Investigation (FBI)
14  initiated an investigation into ownership of the cargo. Handwritten
15  on the shipping label was the name "AMIN ALROWHANI". Also handwritten
16  on the shipping label was the name "ALROHANY AMIN", and the
17  Bakersfield, Ca., telephone number: (661) 872-5290.

18       On March 4, 2004, the FBI was informed that an individual
19  identified as AMEN AHMED ALI had entered the United States at Los
20  Angeles International Airport having returned from the Republic of
21  Yemen.  ALI was detained by Customs Border Protection agents and
22  questioned about his activities and suspicious photographs and
23  documents located in his personal items.  Among those items were
24  photographs of ALI attired in a apparent military uniform of a
25  foreign nation and other photographs of him posing with other
26  individuals, dressed in traditional Middle Eastern garb and holding
27  what appeared to be AK-47 type rifles.  Agents also found a Yemen
28  identification card bearing a photo of ALI and the name AMEN ALI HAJ

2

ROUHANE.

During the interview of ALI, BICE agents asked him about government records which indicated he owned a total of 12 handguns. His response was that he owned only one rifle and he denied ever owning the other firearms.  Later during the interview, he told the BICE agents that he sold the weapons to friends, but would not say if the friends to whom he sold the firearms were in the United States or a foreign nation.

Based on information provided by BICE from the interview of ALI at Los Angeles International Airport and information from the shipping label for the container of military equipment, the FBI was able to determine that the subject listed on the shipping label and the subject detained at Los Angeles International Airport were the same person, AMEN AHMED ALI.

Subsequent to the interview of ALI at Los Angeles International Airport, the FBI began a long term undercover investigation of ALI.

ALI was eventually indicted for conspiring to act as an illegal agent of a foreign government, unlawfully export defense articles, and possess stolen government property in violation of 18 U.S.C. §§ 371, 951, and 641 and 22 U.S.C. § 2278 and other charges.

On September 7th, 2006, ALI was arrested and a search warrant was served on his residence, 4617 Panorama Dr., in Bakersfield, California.  During service of the search warrant, a Jukar-Spain .45 Caliber Pistol, serial number 109435, was found in the master bedroom of ALI's residence, and an Enfield rifle, serial number PF330911, was found in the rear yard of his residence.  Both firearms were seized by the FBI as evidence.  Lawful ownership of the firearms in a person other than ALI cannot be determined, because there are no records

3

1  pertaining to either of the firearms in the Automated Firearms

2  System.

3      On October 7, 2010, ALI pled guilty to conspiring to act as an

4  illegal agent of a foreign government, unlawfully export defense

5  articles, and possess stolen government property, in violation of 18

6  U.S.C. §§ 371, 951, and 641 and 22 U.S.C. § 2278. ALI was

7  subsequently sentenced to five years imprisonment on January 7, 2011.

8                                  LAW

9      The government is prohibited by law from returning firearms to

10 an owner who has been convicted of a felony.  See 18 U.S.C. §§

11 922(g).  The federal courts have held that under 18 U.S.C. § 922(g) a

12 convicted felon who is prohibited from possessing firearms has no

13 right to their return, and may not designate another person to

14 receive them because that would be a prohibited exercise of

15 constructive possession.  United States v. Felici, 208 F.3d 667, 669-

16 70 (8th Cir. 2000); United States v. Howell, 425 F.3d 971, 975-77

17 (11th Cir. 2005); United States v. Harvey, 78 Fed. Appx. 13, 14-15,

18 2003 WL 21949151 (9th Cir. 2003).

19     The All Writs Act, 28 U.S.C. § 1651, authorizes federal courts

20 to "issue all writs necessary or appropriate in aid of their

21 respective jurisdictions and agreeable to the usages and principles

22 of law."  As the Supreme Court has explained, "the All Writs Act is a

23 residual source of authority to issue writs that are not otherwise

24 covered by statute."  Pennsylvania Bureau of Correction v. United

25 States Marshals Service, 474 U.S. 34, 43 (1985).  The All Writs Act

26 can be used by the government to obtain court authorization to

27 destroy firearms seized in the course of a criminal investigation.

28 See e.g., United States v. Smith, 142 Fed. Appx. 100, 2005 WL 1799364

                                   4

1  (3rd Cir. 2005) (Affirming district court's order granting

2  government's motion under the All Writs Act to destroy firearms and

3  ammunition, and holding that Smith, a convicted felon, could neither

4  possess firearms nor direct that they be transferred to his wife.)

5                              CONCLUSION

6       Due to ALI's felony conviction, he is now prohibited by law from

7  owning, possessing or transferring firearms under 18 U.S.C. § 922(g).

8  Since the subject firearms are no longer needed as evidence and

9  lawful ownership of the firearms in a person other than ALI cannot be

10  determined, the government requests a Court Order authorizing the

11  Federal Bureau of Investigation to destroy the Jukar-Spain .45 cal,

12  pistol, serial number 109435, and Enfield rifle, serial number

13  PF330911, pursuant to the All Writs Act.

14                          BENJAMIN B. WAGNER
                            United States Attorney
15

16  Date: October 4, 2011      By:/s/ Dawrence W. Rice, Jr.
                                DAWRENCE W. RICE, JR.
17                              Assistant U.S. Attorney

18                               ORDER

19       Pursuant to the All Writs Act, IT IS ORDERED THAT the Jukar-

20  Spain, .45 Caliber Pistol, Serial Number 109435, and Enfield Rifle,

21  Serial Number PF 339011, seized during the course of the

22  investigation and prosecution of Amen Ahmed Ali in 1:06-cr-00292 LJO,

23  be destroyed by the Federal Bureau of Investigation.

24  **IT IS SO ORDERED.**

25  **Dated:   October 4, 2011**          **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE
26

27

28

                                   5